LIPSON NEILSON P.C.
JOSEPH P. GARIN, ESQ.
Nevada Bar No. 6653
LISA J. ZASTROW, ESQ.
Nevada Bar No. 9727
9900 Covington Cross Drive, Suite 120
Las Vegas, Nevada 89144
(702) 382-1500 - Telephone
(702) 382-1512 - Facsimile
jgarin@lipsonneilson.com
lzastrow@lipsonneilson.com

Laura Sixkiller (*pro hac vice* forthcoming)
**DLA PIPER LLP (US)**
2525 East Camelback Road, Suite 1000
Phoenix, Arizona 85016-4232
Tel: 480.606.5100
Fax: 480.606.5101
laura.sixkiller@us.dlapiper.com
DLAPHX@us.dlapiper.com

*Attorneys for Defendants Allianz Global Risks US Insurance Company and The American Insurance Company*

**UNITED STATES DISTRICT COURT**

**IDSTRICT OF NEVADA**

| | |
|---|---|
| ABC Industrial Laundry d/b/a Universal Laundry Supply,  <br><br>  Plaintiffs,  <br><br> v.  <br><br> Allianz Global Corporate & Specialty, a foreign corporation; Allianz Global Risks US Insurance Company, a foreign corporation; The American Insurance Company, a foreign corporation; Does 1 through 20; Roe Corporations 1 through 20; inclusive,  <br><br> Defendants. | Case No:  <br> Dept. No.:  <br><br> **PETITION FOR REMOVAL** |

TO:   THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEVADA

TO:   ALL INTERESTED PARTIES

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendants Allianz Global Risks US Insurance Company[1] and The American Insurance Company ("Defendants") hereby remove *ABC Industrial Laundry d/b/a Universal Laundry Supply v. Allianz Global Corporate & Security, Allianz Global Risks US Insurance Company and The American Insurance Company*, Case No. A21-832965-C, Department 20, filed in the Eighth Judicial District Court, Clark County, Nevada ("State Court Action") to the United States District Court for the District of Nevada, and in support of this removal state as follows:

## I. Statement of the case

Plaintiff ABC Industrial Laundry d/b/a Universal Laundry Supply ("Plaintiff") commenced the State Court Action on April 15, 2021. A true and correct copy of the operative complaint is attached as **Exhibit A-1.**

Plaintiff is a Nevada limited liability company that provides exclusive laundry service to the Wynn and Encore hotels on the Las Vegas strip. Ex. A-1, Compl. ¶¶ 1, 27.

Plaintiff alleges that it has incurred losses in income resulting from government orders issued to slow the spread of COVID-19, that required Plaintiff and businesses it depends on to suspend and/or curtail operations. Plaintiff alleges that Defendants wrongly denied its claim for coverage of these losses on a property insurance policy issued to Plaintiff by one or more of Defendant (the "Policy").

## II. GROUNDS FOR FEDERAL COURT JURISDICTION

Removal is proper because this Court has jurisdiction pursuant to 28 U.S.C. § 1332(a); there is complete diversity of citizenship as to all parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.

---

[1] Plaintiff erroneously sued Allianz Global Corporate & Specialty ("AGCS"), which is the trade name of Defendant Allianz Global Risks US Insurance Company and is not a legal entity. To the extent AGCS is deemed a party, it joins in this removal.

### A. Complete Diversity Exists Between All Parties

Plaintiff is a Nevada domestic limited liability company that does business in Clark County, Nevada. Ex. A-1, Compl. ¶ 1. Upon information and belief, Plaintiff's members are also domiciled in Nevada. Accordingly, Plaintiff is deemed a citizen of Nevada.

Defendant Allianz Global Risks US Insurance Company is an Illinois corporation with its principal place of business in Chicago, Illinois. It is, thus, a citizen of Illinois.

Defendant The American Insurance Company is an Ohio corporation with its principal place of business in Chicago, Illinois. Thus, it is a citizen of Ohio and Illinois.

Plaintiff's Complaint additionally includes fictitiously named Does 1 through 20; Roe Corporations 1 through 20. "The citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(b). It does not appear that fictitiously named Does 1 through 20; Roe Corporations 1 through 20 have been named or served and their citizenship is irrelevant for purposes of this removal.

Plaintiff purports to also name AGCS as a defendant, asserting it is a "New York Corporation." Ex. A-1, Compl. ¶ 2. No such legal entity exists. Rather, this is a trade name of Defendant Allianz Global Risks US Insurance Company.

The controversy is, therefore wholly between citizens of different states. *See* 28 U.S.C. § 1332(a)(1).

### B.     The Amount in Controversy Exceeds $75,000

Plaintiff alleges that it purchased an insurance policy from Defendants and paid an annual premium of $128,381. Ex. A-1, Compl. ¶ 13. Plaintiff further alleges that the Policy provided for $15 million in coverage for Business Income; $25,000 for up to 60 days of Crisis Event Business Income and up to $25,000 for post event expenses; and $250,000 in coverage under the Manufacturing: Property Gard Extension Endorsement, Business Income Form and Extra Expense form for dependent property coverage. *Id.* ¶¶ 14, 17, 19. Plaintiff alleges that it is entitled to coverage under all these provisions of the Policy. *Id.* ¶ 46–49. Plaintiff alleges that COVID-19 and the related government orders caused Plaintiff to suspend and reduce its business, and caused businesses upon which Plaintiff depends to do the same. *Id.* ¶¶ 32–33. Plaintiff alleges that it has

been unable to operate its property at full capacity since March 2020. *Id.* ¶¶ 42–43. Although Plaintiff does not provide an exact amount of damages, it admits that its damages at least exceed $15,000. *Id.* ¶ 91.

"[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). In establishing that the amount in controversy exceeds $75,000, the defendant may rely on a chain of reasoning and underlying assumptions that are reasonable based on the complaint's allegations. *LaCross v. Knight Transp. Inc.*, 775 F. 3d 1200, 1202 (9th Cir. 2015). Given that Plaintiff alleges that it provided exclusive laundry services to two large Las Vegas hotels and alleges that their operations were significantly affected by COVID-19; and that Plaintiff alleges it has paid an annual premium in excess of $100,000, with entitlement to coverage of $15 million, Plaintiffs' Complaint places at issue more than $75,000, exclusive of interest and costs.

### III. ALL PROCEDURAL REQUIREMENTS HAVE BEEN SATISFIED

Removal of this action is timely, pursuant to 28 U.S.C. § 1446(b), as it is filed within 30 days of May 3, 2021, which is the date Defendants were served with the Complaint.[2]

Defendants may remove the State Court Action under 28 U.S.C. § 1441(a) because the State Court Action was brought in Clark County, Nevada.

Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, and orders filed in the State Court Action are attached as **Exhibit A-1 to Exhibit A-6**.

As required by 28 U.S.C. § 1446(d), Defendants will promptly file a copy of this notice of removal with the clerk of the Eighth Judicial District Court for Clark County, Nevada, a true and correct copy of which is attached hereto as **Exhibit B**, and serve copies of the same on all parties to this action.

---

[2] Plaintiff purported to serve AGCS on May 12, 2021. AGCS is the trade name of Defendant Allianz Global Risks US Insurance Company and is not a legal entity. Thus, Plaintiff could not and did not affect service on AGCS.

This notice is signed pursuant to Rule 11, Fed. R. Civ. P., in accordance with 28 U.S.C. § 1446(a).

By this notice of removal, Defendants do not waive any objections to service, jurisdiction, venue, or any other defenses or objections they may have. Defendants expressly reserve all defenses, motions, and pleas. Defendants pray the State Court Action be removed to this Court, all further proceedings in the State Court Action be stayed, and Defendants receive all additional relief to which they are entitled.

WHEREFORE, Defendants remove the above-referenced action now pending against them in the Eighth Judicial District Court of the State of Nevada in and for the County of Clark to this Court.

DATED this 28th day of May, 2021.

LIPSON NEILSON P.C.

By: /s/ *Lisa J. Zastrow*
JOSEPH P. GARIN, ESQ. (NV Bar No. 6653)
LISA J. ZASTROW, ESQ. (NV Bar No. 9727)
9900 Covington Cross Drive, Suite 120
Las Vegas, Nevada 89144

Laura Sixkiller (*pro hac vice* forthcoming)
**DLA PIPER LLP (US)**
2525 East Camelback Road, Suite 1000
Phoenix, Arizona 85016-4232
Tel: 480.606.5100
Fax: 480.606.5101
laura.sixkiller@us.dlapiper.com
DLAPHX@us.dlapiper.com

*Attorneys for Defendants Allianz Global Risks US Insurance Company and The American Insurance Company*

# CERTIFICATE OF SERVICE

Pursuant to NRCP 5(b) and Administrative Order 14-2, I certify that on the 28th day of May, 2021, I electronically served the foregoing **PETITION FOR REMOVAL** to the following parties utilizing the Court's E-File/ServeNV System:

WILLIAM R. BRENSKE, ESQ.
JENNIFER R. ANDREEVSKI, ESQ.
BRENSKE ANDREEVSKI & KRAMETBAUER
3800 Howard Hughes Parkway, Suite 500
Las Vegas, NV 89169
Telephone: (702) 385-3300
Facsimile: (702) 385-3823
Email: bak@baklawlv.com

*Attorneys for Plaintiff*

/s/ Debra Marquez
An employee of LIPSON NEILSON P.C.