# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\*\*\*

| | |
|---|---|
| ABC Industrial Laundry d/b/a Universal Laundry Supply,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>Allianz Global Risks US Insurance Compay, et al.,<br><br>　　　　　　Defendants. | 2:21-cv-01029-APG-VCF<br><br>**ORDER**<br><br>JOINT DISCOVERY PLAN (ECF No. 26); EMERGENCY MOTION FOR A PROTECTIVE ORDER (ECF No. 27); EMERGENCY MOTION TO STAY DISCOVERY (ECF No. 28) |

　　　　Pending before me is the parties' joint discovery plan (ECF No. 26),and the defendants' emergency motions for protective order (ECF No. 27) and to stay discovery (ECF No. 28). The defendants' emergency motions for protective order (ECF No. 27) and to stay discovery (ECF No. 28) are both granted in part. The parties' joint discovery plan (ECF No. 26) is denied as moot.

**I.　　Background**

　　　　Plaintiff seeks a declaratory judgment against multiple insurers for a declaratory judgment that it is entitled to insurance coverage pertaining to losses it incurred due to the Covid-19 pandemic; it brings multiple claims for breach of contract based on various theories and for breach of the covenant of good faith and fair dealing. (ECF No. 1-2). The parties filed a joint proposed discovery plan and scheduling order that states their respective positions regarding discovery given that the defendants simultaneously filed an emergency motion to stay discovery. (ECF No. 26).

　　　　The defendants argue in their emergency motion for protective order that this Court should prohibit plaintiff from taking nonparty Bill McCabe's deposition while their motion to dismiss is

pending given that they filed an emergency motion to stay discovery. (ECF No. 27). The defendants argue in their motion to stay discovery that all discovery should be stayed pending a decision on their motion to dismiss because many courts have concluded that similar claims lack merit. (ECF No. 28).

Plaintiff did not file a separate response to the motion for a protective order, but plaintiff appears to address the defendants' arguments regarding the McCabe deposition in its response to the motion to stay discovery.[1] (ECF No. 31 at 3). Plaintiff argues that it does not object to defendants' request for stay, "because it anticipates the quality of Defendant's participation in the discovery process will be more meaningful and deliberate after Defendant's Motion to Dismiss is denied" except that plaintiff believes that McCabe's (the insurance broker for this policy) deposition would be useful at this stage of the litigation. (*Id.* at 2-3). Plaintiff argues that McCabe's deposition will show that a reasonable person would interpret the subject policy to include plaintiff's Covid-19 related losses, and if Judge Gordon, "determine[s] it is necessary to entertain evidence outside the pleadings when making a decision on Defendant's dispositive motion, the deposition of Defendant's broker would most likely be one of the items considered by the Court." (*Id*. at 3).

The defendants argue that discovery should be stayed given that that plaintiff agrees to the stay. (ECF No. 33 at 2). The defendants also argue that the court cannot look to the McCabe deposition in ruling on a motion to dismiss because it is not incorporated by reference into the complaint. (*Id.*)

**II.    Analysis**

When evaluating a motion to stay discovery while a dispositive motion is pending, the court initially considers the goal of Federal Rule of Civil Procedure 1: the Rules "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action[.]" In deciding whether a stay is appropriate in these circumstances, courts

---

[1] Per LR 7-2(d), "[t]he failure of an opposing party to file points and authorities in response to any motion…constitutes a consent to the granting Of The motion." The plaintiff is expected to follow the local rules and file separate points and authorities in response to future motions.

in this District generally take a "preliminary peek at the merits of the pending dispositive motion." *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 602 (D. Nev. 2011). There are times when a court will "deviate from the general rule that courts, when ruling on a motion to dismiss, must disregard facts that are not alleged on the face of the complaint or contained in documents attached to the complaint." See *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) (noting that it can look to documents incorporated by reference into the complaint), and citing to *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990).

Rule 26 governs discovery in federal civil cases, the scope of which includes "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). A court may issue a protective order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" upon a showing of good cause. Fed. R. Civ. P. 26(c)(1). The party seeking the protective order must establish "specific harm or prejudice will result if no protective order is granted." *Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1130 (9th Cir. 2003)(citing *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002). Good cause is generally a "heavy burden." *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975).

Since the parties agree that discovery should be stayed (except the McCabe deposition) pending a decision on the motion to dismiss and considering the goals of Rule 1 (that both the court *and the parties* work to secure the just speedy and inexpensive determination of every action), I find that the parties have shown good cause in their agreement to stay discovery. I also find that there is no need to take a preliminary peek at the merits of the pending motion to dismiss given the parties agreement to stay discovery. The only remaining issue that the parties do not agree about is whether plaintiff should be allowed to take McCabe's deposition during the discovery stay.

It is undisputed that the plaintiff informed the defendants during the 26(f) conference that it would not oppose a stay of discovery pending the court's ruling on the motion to dismiss, except that plaintiff wanted to depose insurance broker McCabe of United Risk & Insurance Services. (ECF No. 28 at 4). It is also undisputed that the plaintiff noticed McCabe's deposition prior to the defendants' filing of its emergency motions to stay discovery and for a protective order. (*Id.*) I find that the defendant has not met its heavy burden to establish that a specific harm or prejudice will result if plaintiff takes McCabe's deposition during the agreed upon discovery stay. The defendants have shown good cause to limit the deposition because the pending motion to dismiss limits the issues the parties have to deal with now.

Considering the goals of Rules 1 and 26 (regarding limiting expenses and proportionality at this stage), I order that plaintiff may take a short, narrowly tailored, deposition of McCabe during the discovery stay. The deposition will be limited to 3 hours (2 hours of direct examination and 1 hour of cross-examination). The parties are ordered to meet and confer regarding the topics of the deposition. I need not consider whether Judge Gordon will consider the deposition in relation to the motion to dismiss. Discovery need not be admissible to be relevant. The burden is on the defendants to show good cause per Rule 26 and they have not: the burden is not on plaintiff to show that Judge Gordon is likely to consider the deposition. I also find that the plaintiff's position is reasonable and in line with the stated goals of Rule 1.  I find that a short narrowly tailored deposition of McCabe is both relevant and proportional to the needs of the case at this stage, given that the plaintiff both (1) noticed the deposition before defendants filed their motion to stay discovery and (2) has been transparent regarding their need to take this deposition from the beginning while simultaneously agreeing that all other discovery can be stayed.

Accordingly, and for good cause shown,

I ORDER that the defendants' emergency motions for protective order (ECF No. 27) and to stay

discovery (ECF No. 28) pending resolution of the motion to dismiss are both GRANTED IN PART, as detailed in this order.

I FURTHER ORDER that the parties' joint discovery plan (ECF No. 26) is DENIED AS MOOT: if Judge Gordon allows this case to proceed, the parties must file a new joint discovery plan 20 days after Judge Gordon enters his decision on the motion to dismiss.

IT IS ORDERED.

DATED this 26th day of August 2021.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE